UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION
CIVIL ACTION NO. 7:20-CV-00068-REW-CJS

*FILED ELECTRONICALLY*

**LONNIE MICHAEL RATLIFF**                                                          **PLAINTIFF**

**v.**

**LOWE'S HOME IMPROVEMENT, LLC**
**LOWE'S HOME CENTERS, LLC, and**
**JAMES LITTLE**                                                                      **DEFENDANTS**

## ANSWER

The Defendant, Lowe's Home Centers, LLC ("Lowe's Home Centers" or "Defendant"), by counsel, submits its Answer to the Plaintiff's Complaint.

### FIRST DEFENSE

The Plaintiff's Complaint, or some part of it, fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Defendant denies any allegations in the unnumbered introductory paragraph of the Plaintiff's Complaint.

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 1 of the Complaint, and therefore denies those allegations.

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in numerical paragraph 2 of the Complaint, and therefore denies those allegations.

3. The Defendant admits the allegations in numerical paragraph 3 of the Complaint that Lowe's Home Improvement, LLC is a foreign limited liability company authorized to conduct business in the Commonwealth of Kentucky with its principal office located at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697 and with Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601, as its agent for service of process. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numerical paragraph 3 of the Complaint and therefore denies those allegations.

4. The Defendant admits the allegations in numerical paragraph 4 of the Complaint that Lowe's Home Centers, LLC is a foreign limited liability company authorized to conduct business in the Commonwealth of Kentucky with its principal office located at 1605 Curtis Bridge Road, Wilkesboro, North Carolina 28697 and with Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601, as its agent for service of process. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numerical paragraph 4 of the Complaint and therefore denies those allegations.

5. The Defendant admits the allegations in numerical paragraph 5 of the Complaint that James Little is presently the Store Manager of the retail store in Pike County, Kentucky operated by Lowe's Home Centers, LLC., and James Little resides in Kentucky. The Defendant is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numerical paragraph 5 of the Complaint and therefore denies those allegations.

6. The Defendant denies the allegations in numerical paragraph 6 of the Complaint.

7. The Defendant denies the allegations in numerical paragraph 7 of the Complaint.

8. The Defendant denies the allegations in numerical paragraph 8 of the Complaint that the Plaintiff was employed by Lowe's Home Improvement, LLC. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in numerical paragraph 8 of the Complaint and therefore denies those allegations.

9. The Defendant denies the allegations in numerical paragraph 9 of the Complaint.

10. The Defendant denies the allegations in numerical paragraph 10 of the Complaint.

11. The Defendant denies the allegations in numerical paragraph 11 of the Complaint.

12. The Defendant denies the allegations in numerical paragraph 12 of the Complaint.

13. The Defendant denies the allegations in numerical paragraph 13 of the Complaint.

14. The Defendant incorporates by reference its responses to numerical paragraphs 1 through 13 of the Complaint and denies the allegations in numerical paragraph 14 of the Complaint.

15. The Defendant denies the allegations in numerical paragraph 15 of the Complaint.

16. The Defendant incorporates by reference its responses to numerical paragraphs 1 through 15 of the Complaint and denies the allegations in numerical paragraph 16 of the Complaint.

17. The Defendant denies the allegations in numerical paragraph 17 of the Complaint.

The Defendant denies all other allegations in the Complaint that it has not expressly admitted in this Answer.

### THIRD DEFENSE

The Defendant relies upon all applicable defenses that arise under or may be asserted pursuant to Kentucky's workers' compensation laws, Chapter 342, et. seq.

### FOURTH DEFENSE

All actions taken with regard to Plaintiff were legitimate and lawfully motivated, undertaken in good faith, for reasonable and legitimate business reasons and without malice or ill-will toward the Plaintiff.

### FIFTH DEFENSE

Any monetary relief Plaintiff seeks, or might otherwise be entitled to receive, must be reduced by the amounts Plaintiff earned, with reasonable diligence could have earned through mitigation, or otherwise failed to seek or accept, during the period for which he seeks monetary relief.

### SIXTH DEFENSE

The Defendant does not authorize, ratify or condone the commission of any tortious or otherwise wrongful act by any of its employees. Any such acts would be considered outside the

scope of their authority.  The Defendant does not know of, or have reason to be aware of, any such conduct.

## SEVENTH DEFENSE

To the extent Plaintiff has failed to satisfy any conditions precedent that are necessary to maintain his claims, or failed to exhaust administrative remedies, such claims are barred.

## EIGHTH DEFENSE

The Defendant relies upon all applicable limitations periods, contractual or pursuant to law, and all other applicable defenses based on the lack of timeliness of the Plaintiff's claims as a complete or partial bar to the Plaintiff's claims.

## NINTH DEFENSE

To the extent one or more of the Plaintiff's claims are preempted, the Plaintiff's claims are barred.

## TENTH DEFENSE

Any monetary award must be offset by amounts equal to any collateral benefits the Plaintiff receives or is to receive, including, without limitation, unemployment benefits, Social Security or Workers' Compensation benefits.

## ELEVENTH DEFENSE

The Defendant relies upon the defense of employment at will.

## TWELFTH DEFENSE

Lowe's Home Improvement, LLC and James Little do not employ, and have never employed, the Plaintiff.

**THIRTEENTH DEFENSE**

The Defendant relies upon the defense of failure to mitigate damages as a complete or partial bar to the Plaintiff's claims.

**FOURTEENTH DEFENSE**

The Plaintiff's claims cannot be maintained because he has failed to allege facts sufficient to state a claim for general and/or compensatory damages, including, but not limited to, loss of wages or other economic damages.

**FIFTEENTH DEFENSE**

The Plaintiff has failed to allege facts sufficient to constitute a claim for which attorneys' fees and costs may be awarded.

**SIXTEENTH DEFENSE**

The Defendant took appropriate and reasonable steps to prevent unlawful discrimination and retaliation, including adopting an anti-discrimination and anti-retaliation policy, and the Plaintiff failed to take reasonable steps pursuant to the policy to avoid all or some of the conduct alleged in the Complaint, by reason of which the Plaintiff's claims are barred.

**SEVENTEENTH DEFENSE**

The Plaintiff's claims are barred to the extent he failed to fulfill any of his obligations to the Defendants.

**EIGHTEENTH DEFENSE**

The Defendant relies upon the doctrine of fraudulent joinder.

**NINETEENTH DEFENSE**

Contrary to the allegations in the Plaintiff's Complaint, all decisions concerning the Plaintiff were based on ordinary business judgment of the Plaintiff's employer and not on any discriminatory, retaliatory, or otherwise illegal motive. The Defendant expressly denies that any unlawful factor motivated them with respect to the decisions that are the subject of this action.

**TWENTIETH DEFENSE**

The Defendant had legitimate, nondiscriminatory business reasons for its actions.

**TWENTY-FIRST DEFENSE**

The Plaintiff has failed to state a claim for which punitive damages are recoverable.

**TWENTY-SECOND DEFENSE**

The Defendant relies upon all applicable constitutional, statutory and/or common law bars to or limitations on any award of punitive damages, including, but not limited to, those found in KRS 411.184, et. seq.

**TWENTY-THIRD DEFENSE**

The Defendant relies upon the affirmative defense of unclean hands.

The Defendant reserves the right to assert additional affirmative defenses, including those not presently known but which subsequently become apparent.

WHEREFORE, having fully answered, the Defendant prays:

1. That the Court dismiss the Plaintiff's Complaint with prejudice;

2. That the Court enter judgment in favor of the Defendant;

3.     That the Defendant recover from the Plaintiff all costs and expenses incurred in this action, including, but not limited to, expert witness fees and expenses and reasonable attorneys' fees and expenses; and

4.     That the Court award the Defendant all other relief to which it is entitled

Respectfully submitted,

/s/ Elizabeth S. Muyskens
Richard G. Griffith
Elizabeth S. Muyskens
STOLL KEENON OGDEN PLLC
300 West Vine Street - Suite 2100
Lexington, KY  40507-1801
Telephone:  (859) 231-3000
Fax:  (859) 253-1093
Email:  richard.griffith@skofirm.com
         elizabeth.muyskens@skofirm.com

COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

    I hereby certify that I have served a true copy of the foregoing ANSWER by email and regular U.S. mail, postage prepaid, this 28th day of May, 2020, upon the following:

Jonah L. Stevens, Esq.
Destiny S. Hamilton, Esq.
Hamilton & Stevens, PLLC
P.O. Box 1286
Pikeville, KY  41502
hamiltonstevens@hamiltonstevenslaw.com
destiny@hamiltonstevenslaw.com
COUNSEL FOR PLAINTIFF

                                      /s/ Elizabeth S. Muyskens
                                      COUNSEL FOR DEFENDANTS

011447.166904/8225832.1