UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LONNIE MICHAEL RATLIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:20-CV-68-REW |
| v. | ) | |
| | ) | |
| LOWE'S HOME IMPROVEMENT, LLC, et al., | ) | ORDER |
| | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

The Court has reviewed the docket in this case and requires clarification on issues related to subject-matter jurisdiction.[1] Specifically, the Court requires additional briefing concerning Defendants' removal-notice allegations of fraudulent joinder. *See* DE 1. Diversity-based removal generally requires "plausible allegation[s]" of complete diversity and a sufficient amount in controversy. *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (citation omitted). The removing party—here, the defense (Lowe's)— "bears the burden[.]" *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). The defense acknowledges that a current Defendant, James Little, like Plaintiff Ratliff (at

---

[1] The Court undoubtedly has an omnipresent "duty to consider [its] subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

1

least, as a fair inference),[2] is a Kentucky citizen. DE 1 ¶ 10. Nonetheless, Defendants allege Plaintiff fraudulently joined Little and that the Court may disregard his inclusion for removal purposes. To properly tee the issues up for assessment and adjudication, Plaintiffs must fully address all topics related to these allegations.

Accordingly, and on these terms, the Court **ORDERS** Plaintiff to respond to this Order **within 10 days**,[3] submitting any relevant proof and addressing all implicated topics. Defendants may respond **within 7 days** of Plaintiff's filing. Upon Defendants' filing, or expiration of either deadline absent a timely submission, the matter will stand submitted.

This the 1st day of June, 2020.

Signed By:
*Robert E. Wier*    /s/ REW
United States District Judge

---

[2] Defendants claim, and the complaint alleges, that Ratliff "resides in the Commonwealth." DE 1 ¶ 5; *see* DE 1-1 ¶ 2. However, residence, for § 1332 purposes, is not synonymous with citizenship. *See Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968) ("Citizenship for purposes of the diversity statute is synonymous . . . with domicile." (citation and quotation marks omitted)). Nonetheless, Defendants particularly allege that Plaintiff's claims, excepting Little, are "between diverse citizens[.]" DE 1 ¶ 18. On the whole, the Court views the removal notice as plausibly alleging that Plaintiff is a Kentucky citizen.

[3] The Court recognizes that this is a somewhat accelerated briefing schedule. However, Plaintiff has had notice of Defendants' fraudulent joinder allegations since this case arrived in federal court.