UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

LONNIE RATLIFF                              :
                    PLAINTIFF               :   ACTION NO. 7:20-CV-00068-REW-CJS
VS                                          :
                                            :
LOWES HOME IMPROVEMENT, LLC,
LOWES HOME CENTERS, LLC,
and JAMES LITTLE
                                                ***ELECTRONICALLY FILED***   :
                                            :
                    DEFENDANTS              :

### RESPONSE TO COURT'S ORDER OF JUNE 1, 2020

Comes now, the Plaintiff, Lonnie Ratliff, by Counsel, and for his Response to the Court's Order of June 1, 2020 and without waiving his right to file a Motion to Remand, he respectfully states as follows:

### INTRODUCTION

Plaintiff filed this case in the Pike Circuit Court on April 21, 2020 against Lowe's Home Improvement, LLC, Lowe's Home Centers, LLC, and James Little. Plaintiff alleges that Defendants engaged in retaliatory conduct in violation of KRS 342.197 against the Plaintiff. That eventually resulted in his termination and that on or about June 19, 2020, Defendants intentionally authorized an employee to publish a false factual statement that Plaintiff had stolen funds from a professional services account belonging to a customer in order to enrich himself. These *separate incidences* or *cause of actions* caused the Plaintiff to suffer severe emotional distress. In addition to emotional distress, Plaintiff has lost wages.

On May 21, 2020, Defendants removed this action to the U.S. District Court for the Eastern District of Kentucky on the basis of § 1332, 1441, and 1446 of Title 28 of the United

States Code. In their Notice of Removal, Defendants asserted that Plaintiff had fraudulently joined a non-diverse Defendant, Store Manager, James Little, in an effort to defeat federal diversity jurisdiction.

The sole basis for Lowe's removal is its allegation that "James Little" was "fraudulently joined" to the action by the Plaintiff. The Defendants have erroneously lead the Court to believe that the central issue is whether Store Manager, James Little, was fraudulently joined. However, this issue is non-existent because this case is not removable under **28 U.S.C. § 1445(c)**. Since the Kentucky's Worker's Compensation Retaliation statute provides a cause of action and a remedy that "arises under" the statute and it is not removable under **28 U.S.C. § 1445 (c)**. Therefore, there is no need to perform an analysis as to whether or not Plaintiff has a colorable claim against Defendant, James Little. The United States District Court does not have subject matter jurisdiction.

The "first and foremost question" that a court must ask, "even when the parties concede or do not raise the issue," is whether it has jurisdiction to review an action. Valinksi v. Detroit Edison, 197 F. App'x 403, 405 (6th Cir. 2006) (quoting Douglass v. E.G. Baldwin & Assocs. Inc., 150 F.3d 604, 606-07 (6th Cir. 1998)). Regardless of the parties' actions or intent, the federal courts are required to independently "investigate and police the boundaries of their own jurisdiction. Id. The Court must determine whether it has jurisdiction over this matter.

It is a historically known practice that the Sixth Circuit case law strongly suggest that removal of a case in contravention to §1445 is a jurisdictional violation. Further, it is also historically known in the practice of law that a civil action in any state court arising under the workmen's compensation and retaliation laws of such state may not be removed to any district court of the United States.

Congress' grant of removal power to defendants under 28 U.S.C. § 1441 is broad. ("[A]ny

civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants…"). However, this broad grant is limited by other statutes, including § 1445 of the same chapter, aptly titled "Nonremovable actions." Relevant to this case is subsection (c) of § 1445, which provides: "A civil action in any State court arising under the workmen's compensation laws of such state may not be removed to any district court of the United States." Both "arising under the workmen's compensation laws" and "may not be removed" have been earnestly disputed in the courts.

### PLAINTIFF'S CLAIM IS NOT REMOVABLE PURSUANT TO 28 U.S.C. § 1445

Plaintiff's claim of **retaliation** for his pursuit of workers' compensation benefits arises under Kentucky Workmen's compensation law. The Sixth Circuit has held that a civil action "arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right of relief necessarily depends on resolution of a substantial question of workmen's compensation law. *Harper v. AutoAlliance Int'l, Inc.* 392 F.3d 195,203 (6th Cir. 2004). Put simply, under *Harper,* this case is not removable under 28 U.S.C. §1445 (c) because the cause of action arises under workers compensation law, which created the cause of action, i.e. retaliation.

Kentucky's Worker's compensation statute creates a cause of action and provides a remedy. KRS §343.197(3), "Any individual injured by an act in violation of the provisions of this subsection (1) or (2) of this section shall have a civil cause of action in Circuit Court to enjoin further violations, and to recover the actual damages sustained by him, together with the cost of the law suit, including a reasonable attorney fee for his attorney of record). *Christie v. IMI South, LLC,* W.D. Ky., Apr 27, 2015). KRS §342.197 arises under Kentucky's worker's compensation law because it clearly creates a remedy. The protections of the provision are

specific to workers' compensation and the prohibition and remedy sit squarely within the chapter of the Kentucky code devoted to workers' compensation.

Here, the retaliation claim necessarily depends on a resolution of a substation question of workmen's compensation law. The retaliation claim implicates the remedial mechanisms of the statutory scheme implemented by Kentucky law. The Plaintiff had filed claims for workers' compensation and after that time the work environment became hostile and discriminatory, with the net result being his termination.

### THE PROHIBITION ON REMOVAL IS A JURISDICTIONAL LIMITATION ON THE DISTRICT COURTS, WHICH REQURIES REMAND.

The removal statutes – 28 U.S.C. § 1441 *et seq.* – carve out three specific types of cases that may not be removed. See §1445. In particular, civil actions brought in state courts arising under the workmen's compensation and retaliation laws of the state are "nonremovable." §1445 (c). Along with the prohibition on removal of certain cases, Congress established a simple procedure for dealing with improperly removed cases: send them back. Again, under *Harper* and the plain language of the Statue, the retaliation action cannot be removed.

Historically, prior to the passage of §1445 (c), Congress had become troubled by the alarming increase in the workload of Federal Courts because of the removal of workers' compensation cases from the state courts to the federal courts. Consequently, Congress enacted this statute to reflect its concern for the states interest in administering their own workers' compensation cases with the focus upon the burdens on injured claimants of maintaining a federal court lawsuit, and the occurrence of court congestion at the federal level. *Armistead v. C&M Transport,* 49 F.3d 43,46 (1st Cir. 1995).

### CONCLUSION

The existence of diversity is not the threshold question because a case may not be removed

if it arises under a state's workers' compensation law. Because the Defendant's retaliatory conduct directly concerns and arises under Kentucky Workmen's Compensation statue, this claim cannot be removed pursuant to 28 U.S.C. §1445 (c). Since, the Defendants improvidently removed this case, it must be remanded back to the Pike County Circuit Court, for lack of subject matter jurisdiction. The Defendant's motion is defective on a jurisdictional basis.

Respectfully Submitted,

/s/ Jonah L. Stevens
Jonah L. Stevens
Destiny S. Hamilton
**Hamilton & Stevens, PLLC**
P.O. Box 1286
Pikeville, KY 41502
606-437-6555
606-437-6553 – fax
hamiltonstevens@hamiltonstevenslaw.com
destiny@hamiltonstevenslaw.com

## **CERTIFICATE OF SERVICE**

This is to certify that a true copy of the foregoing Response has been served by email, fax, and/or USPS Mail this the 3rd day of June 2020, upon the following:

Hon. Elizabeth S. Muyskens
Hon. Richard Griffith
300 West Vine St. Suite 2100
Lexington, KY 40507
Fax: 859-253-1093
Richard.griffith@skofirm.com
Elizabeth.muyskens@skofirm.com