UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| LONNIE MICHAEL RATLIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 7:20-CV-68-REW |
| v. | ) | |
| | ) | |
| LOWE'S HOME IMPROVEMENT, | ) | OPINION & ORDER |
| LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In this recently removed matter, the Court, on review of the docket, ordered clarification on issues related to subject-matter jurisdiction. DE 10. Specifically, the Court directed additional briefing concerning Defendants' (Lowe's Home Improvement, LLC, Lowe's Home Centers, LLC, and James Little) removal-notice allegations of fraudulent joinder. *Id.* Plaintiff Lonnie Ratliff's response claims "no need to perform an analysis as to whether or not" Ratliff fraudulently joined non-diverse Defendant Little. DE 11 at 2. Instead, Ratliff argues that because his first pleaded claim arises under the Kentucky workers' compensation anti-retaliation statute, KRS 342.197, removal was improper under 28 U.S.C. § 1445(c). *See id.* at 2–3. On that basis, Ratliff asks the Court to remand this matter to Pike Circuit Court. The matter—now fully briefed, *see* DE 13 (Defs.' opposition)—stands ripe for review.

*The At-Issue Claim*

In his first claim, Plaintiff—a 10+-year Lowe's employee—alleges he submitted workers' compensation claims, and received benefits, following 2017 and 2018 on-the-

1

job injuries. DE 1-1 (Compl.) ¶¶ 7–9. Ratliff contends that Defendants (his employers) responded with discrimination, harassment, and eventually, in December 2019, termination. *Id.* Plaintiff calls Defendants' explanation for the termination "pretextual" and specifically avers that if he had not filed for and received "workers compensation benefits the Defendants would not have harassed, coerced, discriminated against, and/or ultimately terminated" him. *Id.* Ratliff captions his first claim as "workers' compensation retaliation" under "KRS 342.197[.]" *Id.* at 6 (emphasis omitted).

*Applicable Law & Character of § 1445(c)*

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants[.]" 28 U.S.C. § 1441(a). For "[a] civil action in any State court arising under the workmen's compensation laws of such State[,]" Congress has otherwise provided—such actions "may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Per the Sixth Circuit, "[a] civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 203 (6th Cir. 2004). Plaintiff does not contend that the latter applies. As to the former, Ratliff asserts that KRS 342.197 created the pleaded workers' comp retaliation claim. Defendants vigorously dispute this interpretation. *See generally* DE 13. Before attending to that issue, the Court addresses Plaintiff's (unchallenged) characterization of § 1445(c) as "a jurisdictional limitation on the district courts[.]" DE 11 at 4.

2

Generally, "procedural defects, like a failure to remove a case to federal court within thirty days, are not jurisdictional and thus objections to removal based thereupon can be forfeited by parties." *Naji v. Lincoln*, 665 F. App'x 397, 402 (6th Cir. 2016). By contrast, any party, including the Court, may raise a jurisdictional defect at any time. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). So, is § 1445(c) procedural or jurisdictional? The Sixth Circuit has not directly answered the question,[1] and Kentucky district courts have reached disparate conclusions.[2] The Court finds § 1445(c) procedural for the following reasons: First, the majority of Circuits that have squarely addressed the issue so concluded. *See In re Norfolk S. Ry. Co.*, 756 F.3d 282, 292 (4th Cir. 2014) (collecting Ninth, Third, Fifth, and Second Circuit decisions); *id.* at n.8 (Eighth Circuit). Second, the Court concurs with Judge Thapar's thoughtful analysis and interpretation of analogous Circuit precedent in *Hackworth*. *See* 613 F. Supp. 2d at 913–14 (discussing *Carpenter*, 109 F.2d at 379–80). Third, recent Supreme Court decisions have repeatedly highlighted that jurisdictional barriers are relatively uncommon and must be carefully distinguished from common, and

---

[1] *But see Carpenter v. Baltimore & Ohio R.R. Co.*, 109 F.2d 375 (6th Cir. 1940) (applying § 1445(a) predecessor as non-jurisdictional).

[2] *Compare McCormack v. RR Donnelley & Sons Co.*, 436 F. Supp. 2d 857, 860 (E.D. Ky. 2006) (jurisdictional), *and White v. Amedisys Home Health, LLC*, No. CV 17-108-DLB, 2017 WL 4159371, at *4 (E.D. Ky. Sept. 19, 2017) (same), *with Hackworth v. Guyan Heavy Equip., Inc.*, 613 F. Supp. 2d 908, 913 (E.D. Ky. 2009) (procedural), *and Russell v. Mckechnie Vehicle Components USA, Inc.*, No. 5:11-CV-219-JMH, 2011 WL 3847501, at *1 n.1 (E.D. Ky. Aug. 26, 2011) (same); *see also Buckman v. Ingersoll Rand Co.*, No. 16-5918, 2017 WL 3187693, at *2 (6th Cir. Apr. 14, 2017) (remanding workers' compensation retaliation claim for further proceedings).

oft conflated, procedural hurdles.[3] Finally, the Court simply sees no reasoned basis for concluding that § 1445(c) would foreclose jurisdiction if a plaintiff originally filed a state workers' compensation suit, assuming satisfaction of the § 1332 predicates, in federal court. Put differently, § 1445(c) erects no exception "to otherwise proper federal jurisdiction," akin to "the domestic relations" or probate exceptions. *Marshall v. Marshall*, 126 S. Ct. 1735, 1746 (2006); *cf. Fed. Reserve Bank of Atlanta v. Thomas*, 220 F.3d 1235, 1236 (11th Cir. 2000) (reversing jurisdictional dismissal of Federal Reserve Bank's suit for "declaratory judgment determining its liability under Alabama's worker's compensation statute").

Because § 1445(c) presents a procedural, rather than jurisdictional, limitation it binds the Court "only when properly asserted and not forfeited." *Alam*, 2020 WL 2845694, at *2; *Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 17 (2017) ("The terms waiver and forfeiture—though often used interchangeably by jurists and litigants—are not synonymous. Forfeiture is the failure to make the timely assertion of a right; waiver is the intentional relinquishment or abandonment of a known right." (internal alterations and quotation marks omitted)). Ratliff presented the § 1445(c) argument within § 1447(c)'s 30-day, post-removal time limit. *See* DE 1 (Removal Notice filed 5/21/20); DE 11 (Pl.'s Resp. filed 6/3/20). Though Plaintiff did not tap the filing as a

---

[3] "The Supreme Court has worked over the last decade or so to distinguish between jurisdictional rules (that bear on the competence of courts to hear a claim) and non-jurisdictional mandatory rules (that do not)." *United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020); *see, e.g.*, *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 n.4 (2014) (rejecting so-called "statutory standing" requirements as jurisdictional predicates); *Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1245 (2006) (Title VII's numerosity requirement "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts."); *id.* at 1242 ("[T]ime prescriptions, however emphatic, are not properly typed 'jurisdictional.'" (quoting *Scarborough v. Principi*, 124 S. Ct. 1856, 1865 (2004)).

"motion to remand," 28 U.S.C. § 1447(c), he clearly asserts "improvident[ ] remov[al,]" and explicitly requests remand. DE 11 at 5.[4] [And, in any event, Ratliff has now timely moved to remand. *See* DE 15.][5] Because Ratliff neither waived nor forfeited the argument, nothing prevents the Court from proceeding to the merits of the § 1445(c) dispute.

*Kentucky Workers' Compensation Retaliation: Statutory or Common Law?*

The dispositive issue here is whether under, *Harper*'s formulation of the § 1445(c) limits, a Kentucky workers' comp retaliation claim is a creature of state statute or common law. *See Nixon v. Waste Mgmt., Inc.*, 156 F. App'x 784, 786 (6th Cir. 2005) ("[C]ommon law which recognizes a 'cause of action for retaliatory discharge in violation of the public policy to protect workmen's compensation claimants' does not itself constitute a 'workmen's compensation law' within the meaning of § 1445(c).") (quoting *Harper*, 392 F.3d at 203)). Every federal court to consider the question has reached (essentially) the same conclusion: "Under Kentucky law, a claim of workers' compensation retaliation must necessarily be considered a civil action 'arising under the workmens' compensation laws' of the state since the Kentucky workers' compensation statute creates the cause of action for workers' compensation retaliation claims." *Hackworth*, 613 F. Supp. 2d at 912; *see White*, 2017 WL 4159371, at *3 ("Put simply, under *Harper*, Kentucky's workers' compensation retaliation statute, which provides a cause of action and a remedy, 'arises under' the state workmen's compensation laws and

---

[4] The defense, fully apprised of the argument and relief requested, raised no form-based objection.

[5] Because Defendants already had and took a fully opportunity to brief the issue, the Court sees no need to await a response. The fraudulent joinder argument is not a ruling basis.

is not removable under 28 U.S.C. § 1445(c)."); *Christie v. IMI S., LLC*, No. 4:15-CV-23-JHM, 2015 WL 1916145, at *2 (W.D. Ky. Apr. 27, 2015); *Sheckles v. Ralcorp Frozen Bakery Prod., Inc.*, No. CIV.A. 10-665-C, 2011 WL 873507, at *2 (W.D. Ky. Mar. 11, 2011); *McCormack*, 436 F. Supp. 2d at 859–60; *accord Sims v. Family Dollar, Inc.*, No. CV 16-91-HRW, 2016 WL 4771067, at *2 (E.D. Ky. Sept. 13, 2016). Defendants, urging this Court to take a different path, characterize these decisions as alternatively erroneous, unreasoned, and/or non-binding. The Court, however, finds the decisions accurate, thoughtful, and highly persuasive.

Many of Defendants' criticisms are inaccurate. For instance, Defendants claim that the "*Christie* Court did not conduct an analysis of the issue before this Court, rather, the *Christie* Court simply cites *Sheckles*[.]" DE 13 at 8. Wrong on both accounts. Judge McKinley cited numerous decisions and thoughtfully analyzed the issue:

> District Courts previously addressing this issue agree that under Kentucky law, "a claim of workers' compensation retaliation must necessarily be considered a civil action 'arising under the workmens' compensation laws' of the state since the Kentucky workers' compensation statute creates the cause of action for workers' compensation retaliation claims." *Hackworth*, 613 F. Supp. 2d at 911–912 (citing *Harper*, 392 F.3d at 203) (holding that a civil action arises under a state workmens' compensation law when the workmens' compensation law created the cause of action)); *see also* KRS § 342.197(3) (providing a cause of action for workers' compensation retaliation); *McCormack v. RR Donnelley & Sons Co.,* 436 F.Supp.2d 857, 859 (E.D. Ky. 2006) ("[L]ater decisions of Kentucky courts have emphasized that the scope of the right is . . . strictly a matter of statutory construction, not suitable for judicial expansion or reinterpretation.").
>
> Furthermore, KRS § 342.197 arises under Kentucky's workers' compensation law because it creates a remedy. "KRS § 342.197(3) specifically creates a remedy for discharged employees seeking benefits.... This limits the remedy to that specifically provided for under the statute." *Sheckles,* 2011 WL 873507, *2 (citing *Grzyb v. Evans,* 700 S.W.2d 399, 401 (Ky.1985) ("Where the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the

6

>  aggrieved party is limited to the remedy provided by the statute.")).
>  Accordingly, the Court finds that Plaintiff's retaliation cause of action
>  arises under the workers' compensation laws of Kentucky, and the Court
>  will grant the motion to remand.

*Christie*, 2015 WL 1916145, at *2. Contrary to the defense's take, a court may "conduct an analysis" without crafting original verbiage from whole cloth.[6]

Lest this Court likewise be accused of not conducting an analysis of its own, the defense's arguments are meritless. The Court would reject Defendants' assertions even if prior rulings had not persuasively done so. *Harper* found that Michigan's statutory retaliatory discharge statute—which "did not specify a remedy or means of enforcement"—"did not create, but merely codified, a cause of action for retaliatory discharge." *Nixon*, 156 F. App'x at 786 (describing *Harper*). In *Nixon*, the Sixth Circuit found that Tennessee's version of this cause of action was "implicit[,]" rather than explicit, in the state workers' comp statute. *Id.* at 787. In both matters, the Circuit found that § 1445(c) did not preclude removal of the construed common law wrongful discharge claims.

---

[6] Defendants also claim Judge Coffman's findings in *Whalen v. Lord & Moses, LLC,* No. 09-CV-192-JBC, 2009 WL 3766327 (E.D. Ky. Nov. 10, 2009) are inconsistent with *Sheckles*. The Court disagrees. In *Whalen*, Judge Coffman plumbed for "forceful evidence of a purpose to exclude" the Plaintiff's retaliation theory from an arbitration agreement that excluded "workers' compensation claims[.]" 2009 WL 3766327, at *3. In the context of federal and state "policy favoring arbitration," she determined that a "claim for discharge in retaliation for seeking workers' compensation claims" was "not one for workers' compensation." *Id. Whalen* is best read as exactly what it is, a contract interpretation case. Judge Coffman, seeking the *parties*' intent, found no powerful proof of purpose to exclude the retaliation claim from "the broad arbitration clause[.]" *Id. Whalen* did not address whether KRS 342.197 created a retaliatory discharge cause of action or whether such a claim arises under Kentucky's workers' compensation law. This is hardly surprising; the record reveals no indication that the *Whalen* parties wished to define the subject arbitration exception by reference to § 1445(c) removability principles. In short, *Whalen* is (and was, for purposes of Judge Coffman's *Sheckles* analysis) inapt.

7

In the Kentucky workers' compensation scheme, the concept of retaliatory discharge began as a common-law claim. *See Firestone Textile Co. Div., Firestone Tire & Rubber Co. v. Meadows*, 666 S.W.2d 730, 732 (Ky. 1983) ("Implicit in" the workers' compensation provisions "is a public policy that an employee has a right to be free to assert a lawful claim for benefits without suffering retaliatory discharge."). Soon after the *Firestone* ruling, the Commonwealth enacted a prohibition akin to current KRS 342.197(1). *See Pike v. Harold (Chubby) Baird Gate Co.*, 705 S.W.2d 947, 948 (Ky. Ct. App. 1986) (Then-existing version of KRS 342.197 provided that "[n]o employee shall be harassed, coerced, discharged, or discriminated against in any manner whatsoever for filing and pursuing a lawful claim under this chapter."). Because the original retaliation statute provided no remedy of its own—and though characterizing the action as one for "liability created by statute"[7]—Kentucky courts continued to hold that *Firestone* provided the remedy for claims of interference with the "statutory right" to be free from retaliation for pursuit of workers' comp benefits. *Id.* However, a subsequent amendment, morphing KRS 342.197 into its present form, added an explicit statutory remedy:

> Any individual injured by any act in violation of the provisions of subsection (1) or (2) of this section shall have a civil cause of action in Circuit Court to enjoin further violations, and to recover the actual damages sustained by him, together with the costs of the law suit, including a reasonable fee for his attorney of record.

---

[7] *Firestone* also had statutory underpinnings. *See* 666 S.W.2d at 732. The *Firestone* Court referenced KRS 446.070 as enabling: "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." *See also Firestone*, 666 S.W.2d at 731 (describing one question presented, ultimately answered affirmatively, as whether "the Workers' Compensation Act" provided grounds for recognizing an exception to the "terminable at-will" doctrine); *cf. Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441, 445 (Tenn. 1984) (citing *Firestone* for the idea that "[a] statute need not expressly state what is necessarily implied in order to render it effectual").

8

KRS 342.197(3). Under Kentucky law, this explicit positive law modification foreclosed future reliance on the *Firestone* remedy. *See Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985) ("Where the statute both declares the unlawful act and specifies the civil remedy available to the aggrieved party, **the aggrieved party is limited to the remedy provided by the statute**." (emphasis added)); *see also* KRS 446.070.

Unlike the Tennessee law at-issue in *Nixon*, Kentucky's anti-retaliation right is expressly codified. Unlike the Michigan law at-issue in *Harper*, amended KRS 342.197's textual provision of a "judicial remedy for retaliation" emphatically rejects any "implication . . . that the legislature intended to express its approval of using the judicially-crafted wrongful discharge cause of action[.]" 392 F.3d at 207. The Kentucky legislature—presumably aware of the 1985 *Grzyb* ruling—added the statutory remedy in 1987 and preempted the *Firestone* cause of action. Thus, the only workmens' comp retaliatory discharge claim now available to Ratliff under Kentucky law is the action KRS 342.197 provides. Clearly, "workmen's compensation law created the [retaliation] cause of action" Plaintiff presses here. Again, every other district court to consider the issue has so found. The Court joins the chorus.[8]

The Court notes, by way of example, that the statute authorizes pursuit of injunctive relief and, importantly, recovery of "a reasonable fee" for the complaining individual's attorney. Perhaps the former, and certainly the latter, would not have been remedies available under the *Firestone* cause of action. *See* 666 S.W.2d. at 732 (describing permissible recovery as "damages . . . sustained by reason" of the wrongful

---

[8] Because the Court finds that Ratliff's claim "arises under" KRS 342.197—again, the only § 1445(c) argument Plaintiff asserted—the Court declines substantive analysis of the second "necessarily depends" *Harper* route.

termination); *cf. id.* at 733 (discussing employer's interest in a claim "clearly defined and suitably controlled"). That claim hinged on KRS 446.070, which allowed a person to pursue a claim, for a "violation of any statute" for "such damages as he sustained[.]" Kentucky did not award attorney fees under this model.[9] With the statutory remedy in place under KRS 342.197(3), the *Firestone* claim under 446.070 terminates.[10] Any workers' compensation retaliation claim thus arises under the workers' compensation laws of Kentucky, of which KRS 342.197 is a component piece. *Zurich Ins. Co. v. Mitchell*, 712 S.W.2d 340, 341 (Ky. 1986) ("The exclusivity of the remedies created by the Workers' Compensation Act has been and remains a fundamental legislative objective."). *Firestone* contributed far upstream, but the extant claim arises only under the workers' comp statute.

One final note, the defense contends that § 1445(c) is irrelevant to the balance of Ratliff's claims—defamation and intentional infliction of emotional distress, *see* DE 1-1

---

[9] *Firestone* described wrongful discharge as "perfectly consistent with the law of torts." 666 S.W.2d at 733. Kentucky courts thus deemed "traditional tort damages" recoverable under the *Firestone* cause of action. *Kentucky Farmers Bank v. Nutter*, No. 85-CA-2279-MR, 1987 WL 194726, at *3 (Ky. Ct. App. May 15, 1987). And, "[t]he damages in a tort action do not ordinarily include compensation for attorney fees or other expenses of the litigation." Restatement (Second) of Torts § 914(1); *see also Com., Dep't of Transp., Bureau of Highways v. Knieriem*, 707 S.W.2d 340, 341 (Ky. 1986) ("As a general rule, attorney's fees are not allowed in the absence of a statute or contract expressly providing therefor."); *Thomas v. Grange Mut. Cas. Co.*, No. 2005-CA-002352-MR, 2006 WL 3457841, at *4 (Ky. Ct. App. Dec. 1, 2006) (affirming attorney fee denial because "KRS 446.070 does not contain . . . language" "expressly authorizing them").

[10] *See Grzyb*, 700 S.W.2d at 401 (Where "the same statute which would provide the necessary underpinning for a wrongful discharge suit . . . also structures the remedy[,]" the "statute not only creates the public policy but preempts the field of its application."); *Hackney v. Fordson Coal Co.*, 19 S.W.2d 989, 990 (Ky. 1929) (KRS 446.070 "was passed to remove any doubt that might arise as to the right of a person for whose protection a statute was passed to recover for a violation of that statute . . . where by its terms the statute **did not prescribe the remedy** for its enforcement or violation." (emphasis added)).

at ¶¶ 12–15—and thus argues there is no reason to remand those counts. DE 13 at 12 n.7. Defendants cite no authority that would permit this Court to break up Plaintiff's claims in the way they seek. Section 1445(c) applies to a "civil action" entire. And, there is "one form of action"—the "civil action." Ky. R. Civ. P. 2. Unlike removal premised on federal question jurisdiction, § 1441(c)(2) "does not provide an exception because it is inapplicable to diversity cases." *Snuggs v. Excel Mfg. of Kentucky, Inc.*, 187 F.3d 638 (table), 1999 WL 623747, at *1 (6th Cir. 1999).

*Conclusion*

For all these reasons, the Court **ORDERS** as follows:

1. The Court **GRANTS** DE 15;

2. The Court **DENIES** DE 9;

3. The Court **DENIES** DE 8 **WITHOUT PREJUDICE**; and

4. The Court **REMANDS** this matter to Pike Circuit Court.

This the 26th day of June, 2020.

Signed By:
*Robert E. Wier* REW
United States District Judge